## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)   MAVIS  MILLER,

               Plaintiff,

v.

Case No. CIV-13-1216-W

(1)   ALLSTATE INDEMNITY COMPANY,
(2)   ALLSTATE INSURANCE COMPANY,
(3)   ALLSTATE FIRE AND CASUALTY
      INSURANCE COMPANY,
(4)   COX AND ASSOCIATES AGENCY,
      INC.,
(5)   SERVICEMASTER OF TEXHOMA,
(6)   BOYD INSURANCE REPAIR, and,
(7)   MIKE BOYD,

Removed From
District Court of Comanche County
Case No. CJ-2013-302

               Defendants.

## NOTICE OF REMOVAL

Defendants, Allstate Indemnity Company ("Defendant") and Cox and Associates Agency, Inc. ("Agency"), respectfully submits this Notice of Removal of the above-styled action to the United States District Court for the Western District of Oklahoma, under diversity jurisdiction.  This action was filed in the District Court of Comanche County, Oklahoma, and docketed as case number CJ-2013-302.  Plaintiff filed the original Petition on May 1, 2013, but neither obtained summonses nor achieved service on any party to this action.  Plaintiff filed an Amended Petition on October 25, 2013.

Copies of all pleadings and process filed in this action to-date are attached as Exhibits 1 and 2.  A copy of the Docket Sheet from the State court action is also attached as Exhibit 3.

I.      **DIVERSITY OF CITIZENSHIP**

Subject matter jurisdiction exists under 28 U.S.C. § 1332 between Plaintiff and Defendant.   Plaintiff is a citizen of the State of Oklahoma.   (Ex. 2, ¶ 2).   The three "Allstate" defendants are Illinois corporations with their principal places of business in Illinois.   Co-defendant ServiceMaster of Texhoma is a trade name for a sole proprietorship owned by Mr. Don Irby, a citizen of Texas.   (Ex. 4).   Boyd Insurance Repair is a trade name for a sole proprietorship owned by Michael Boyd, a citizen of Texas (Ex. 5).   The Agency is an Oklahoma corporation.   (Ex. 2, ¶ 5).   However, the non-diverse Agency's current presence in this suit does not defeat Defendant's federally granted right of removal.   The Agency should be dismissed or remanded to state court because Plaintiff fraudulently joined and/or procedurally misjoined the Agency in this action to wrongfully defeat diversity jurisdiction.

> A.      **Plaintiff Fraudulently Joined The Agency In This Action Because The Amended Petition Fails To State A Viable Claim Against It Under Oklahoma Law.**

The Court should enforce its diversity jurisdiction because Plaintiff "fraudulently joined" purported claims against the Agency in an effort to defeat Allstate's federally granted right of removal.[1]   According to the United States Supreme Court, the right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."   *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92,

---

[1] Although referred to as the doctrine of "fraudulent joinder", a finding of actual fraud is not required.   "The issue, rather, is whether the claim against the nondiverse party is hopelessly lacking in merit—a condition which can, and often does, exist even in the absence of a fraudulent pleading."   *Redhat v. Gen. Binding Corp.*, 2008 WL 1944711 (May 1, 2008, W.D. Okla.).

97 (1921).  "The joinder of a resident defendant against whom no cause of action is stated is patent sham…and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists…."  *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

Here, Plaintiff alleges two claims against the Agency arising out of "the insurance contract between the parties": (1) breach of the duty of good faith and fair dealing, i.e, "bad faith", and (2) breach of fiduciary duty.  (Ex. 2, ¶¶ 68-71).  However, the Amended Petition fails to state <u>any viable claim</u> against the Agency under Oklahoma law. Plaintiff's "bad faith" claim fails as a matter of law because there is <u>no contract</u> between the Agency and Plaintiff, nor is there a specific allegation that one exists between them. Also, the Agency is not a party to the insurance policy in dispute.  (*Compare*, Am. Pet. ¶ 22, *with* Ex. 6, Declarations Page for Policy No. 9 15 150727 listing Allstate Indemnity Company and Plaintiff).   Plaintiff also alleges that the Agency was an "agent" for Allstate (the principal) during the sale of the policy.  (Ex. 2, ¶ 68).  Oklahoma law on these issues is clear—an agent of a disclosed principal <u>is not liable</u> for breach of the resulting contract (*see, Shebester v. Triple Crown Insurers*, 826 P.2d 603 (Okla. 1992)), and a bad faith cause of action <u>does not exist</u> against an insurance agent (*see, St. Paul Reinsurance Co. Ltd. V. Club Services Corp*., 30 Fed.Appx. 834 (10th Cir. 2002)).

Oklahoma law is also clear that the tort of bad faith is based upon the <u>insurer's handling of the claim</u>, not the conduct of an agent regarding the sale or issuance of the policy.  *Hayes v. Jackson Nat'l Life Ins. Co*., 105 F.3d 583 (10th Cir. 1997); *Claborn v. Wash. Nat'l Ins. Co*., 910 P.2d 1046, 1051 (Okla. 1996) ("[T]he conduct of the insurer

and the agent in selling and issuing the policy, cannot give rise to the tort of bad faith breach of an insurance contract.")  Plaintiff's allegations relate to the Agency's sale of the policy, not the handling of the claim.

Plaintiff's breach of fiduciary duty claim also fails as a matter of law because an agent <u>does not</u> stand in such a relationship with an insured.  Oklahoma law is well-settled on this issue—an insurance agent does not have a fiduciary relationship with an insured. *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 150 (Okla. Civ. App. 2013); *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999) ("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer….").  In addition, even if a special relationship were to exist (which it does not), Plaintiff failed to allege any specific facts in the Amended Petition to support such a relationship.

It is undisputed that Oklahoma law does not recognize Plaintiff's claims against the Agency, thus the Amended Petition fails to state any claim against it.  Amendment would clearly be futile.  Further, despite clear, long-standing and easily discoverable law to the contrary, Plaintiff proceeded with its bad faith and breach of fiduciary duty claims against the Agency.  These facts support the obvious conclusion—Plaintiff fraudulently joined the Agency in this action in order to defeat diversity jurisdiction and Allstate's federally granted right of removal.

**B. Plaintiff Procedurally Misjoined The Agency With The Other Claims Asserted.**

Additionally, the Court should protect its diversity jurisdiction because Plaintiff "procedurally misjoined" the supposed claims against the Agency. Unlike fraudulent joinder, procedural misjoinder occurs when a plaintiff improperly joins an unrelated claim against a nondiverse defendant, thereby preventing removal. *See, Cline v. Blackmon Mooring of Oklahoma City, Inc.,* 2012 WL 255675 (W.D. Okla. Jan. 27, 2012); *Stone v. Zimmer, Inc*., 2009 WL 1809990 (S.D. Fla. June 25, 2009). Under Rule 20, a defendant may be joined if the claim against it arises out of the same transaction or occurrence and shares a common question of law or fact with the other claims.

Here, the Agency has been misjoined because the claims against it not only fail as a matter of law but are also factually and legally distinct from Plaintiff's claims against the other defendants. The **core issue** of every claim in the Amended Petition against Allstate, ServiceMaster, Boyd Insurance Repair and Mike Boyd, **is how they allegedly handled Plaintiff's claim**. (Ex. 2, ¶¶ 21-67). On the other hand, the "claims" against the Agency (even though they do not exist under Oklahoma law) relate to when it "**sold**" the policy to Plaintiff. (*Id*., ¶¶ 68-71). Oklahoma law is well-settled that "the conduct of the insurer and the agent in selling and issuing the policy, cannot give rise to the tort of bad faith breach of an insurance contract." *Claborn v. Wash. Nat'l Ins. Co*., 910 P.2d 1046, 1051 (Okla. 1996). It is also well-settled that an agent cannot be liable for bad faith breach of contract since the agent is a stranger to the contract. *St. Paul Reinsurance Co.*

*Ltd. V. Club Services Corp.*, 30 Fed.Appx. 834 (10th Cir. 2002). The Agency has been procedurally misjoined in this action.

As demonstrated above, the Amended Petition fails to state a viable claim against the Agency and, even if it had, such claims are not properly joined in this action. Therefore, the removal of this action to federal court is proper as there is diversity of citizenship between the appropriate parties. The Court should protect its diversity jurisdiction by dismissing or remanding the Agency to state court pursuant to Fed.R.Civ.P. 21.

## II. REQUISITE AMOUNT IN CONTROVERSY.

Jurisdiction is also proper under the diversity statute because the amount in controversy, exclusive of interests and costs, is in excess of $525,000.00. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Here, the jurisdictional amount is clearly met as the Amended Petition demonstrates that Plaintiff is seeking more than $75,000.00 from each of the seven individual defendants ($225,000.00 from each of the three Allstate defendants and more than $300,000.00 from each of the four remaining defendants). (Ex. 2, ¶¶ 35, 45, 54, 58, 65, 72). In addition, Plaintiff also seeks (a) punitive damages, and (b) attorney fees. (Ex. 2, ¶¶ 46, 47, 59, 60, 66 and 67; Prayer For Relief, §§ c, d and e). Thus, the statute's jurisdictional amount is clearly met.

III.   **CONSENT OF CO-DEFENDANTS.**

All Defendants consent to this removal.  When a civil action is removed based solely on federal diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action."   28 U.S.C. § 1446(b)(2)(A).   Here, counsel for Allstate has conferred with each of the defendants and/or their counsel and is authorized to state that each defendant consents to this removal.

**CONCLUSION**

The United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute and Defendant is entitled to have this action removed to federal court.  Defendant requests that the Court dismiss or remand all alleged claims against Cox and Associates Agency, Inc. pursuant to Fed.R.Civ.P. 21.  In addition, dismissal or remand is proper because Plaintiff has wrongfully joined claims against the Agency as well as procedurally misjoined them to this action in order to defeat Defendant's right of removal.   Therefore, Defendant requests that the Court assume original jurisdiction of this action and proceed with it to completion.

Respectfully submitted,

  s/ RONALD L. WALKER
RONALD L. WALKER, OBA #9295
JERRY D. NOBLIN, JR. OBA #20296
Tomlinson · Rust · McKinstry · Grable
Two Leadership Square, Suite 450
211 North Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone:  405/606.3370
Facsimile:   877/917.1559
ronw@TRMGlaw.com
jerryn@TRMGlaw.com
*Attorneys for Defendants Allstate Indemnity*
*Company and Cox and Associates Agency, Inc.*

## CERTIFICATE OF SERVICE

☑    I hereby certify that on the 14th day of November 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Jared R. Ellis, OBA # 30070
609 S.W. "E" Ave.
P.O. Box 2152
Lawton, OK 73502
Telephone:  (580) 512-3413
Facsimile:  (580) 357-6169
*Attorney for Plaintiff*

                  s/ RONALD L. WALKER