IN THE DISTRICT COURT OF COMANCHE COUNTY
STATE OF OKLAHOMA

*FILED
COMANCHE COUNTY*

*2013 MAY -1 P 3:48*

| | |
|---|---|
| MAVIS MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: *CJ-2013-302* |
| | ) |
| ALLSTATE INDEMNITY COMPANY, | ) |
| COX AND ASSOCIATES AGENCY INC., | ) |
| SERVICEMASTER OF TEXHOMA, | ) *Mark R. Smith* |
| BOYD INSURANCE REPAIR, and | ) |
| MIKE BOYD. | ) |
| | ) |
| Defendants. | ) |

## PETITION

**COMES NOW** the Plaintiff, Mavis Miller, (hereinafter referred to as "Plaintiff") by and through her undersigned attorney, and for her cause of action over and against the Defendants, Allstate Indemnity Company, (hereinafter referred to as "ALLSTATE"), Cox and Associates Agency Inc., (hereinafter referred to as "COX"), ServiceMaster of Texhoma, (hereinafter referred to as "SERVICEMASTER"), Boyd Insurance Repair, (hereinafter referred to as "B.I.R"), and Mike Boyd, (hereinafter referred to as "BOYD") and states as follows:

1.   Plaintiff is a resident of Comanche County, State of Oklahoma.

2.   Defendant, ALLSTATE, is a corporation incorporated under the laws of the State of Illinois, with its principle place of business in the State of Illinois.

3.   Defendant, COX, is a domestic corporation authorized to transact insurance in Oklahoma incorporated under the laws of Oklahoma, with its principle place of business in Lawton, Oklahoma.

4.   Defendant, SERVICEMASTER, is an unincorporated business, with its principle place of business in Lawton, Oklahoma.

5.   Defendant, B.I.R., is a corporation incorporated under the laws of Texas with its


EXHIBIT
1

principle place of business in Wichita Falls, Texas.

6.  Defendant, BOYD, is a resident of Wichita County, Texas.

7.  On information and belief, Plaintiff contends that Defendant ALLSTATE has a contractual relationship with Defendant COX to solicit insurance policies and related services.

8.  On information and belief, Plaintiff contends that Defendant ALLSTATE has a contractual relationship with Defendant SERVICEMASTER to provide contents remediation and related services.

9.  On information and belief, Plaintiff contends that Defendant ALLSTATE has a contractual relationship with Defendant B.I.R. to provide remediation services, claim adjustment, and related services.

10.  On information and belief, Plaintiff contends that Defendant ALLSTATE has a contractual relationship with Defendant BOYD to provide remediation services, claim adjustment, and related services.

11.  On information and belief, Plaintiff contends that Defendant SERVICEMASTER has a contractual relationship with Defendant B.I.R. to provide remediation services, claim adjustment, and related services.

12.  On information and belief, Plaintiff contends that Defendant SERVICEMASTER has a contractual relationship with Defendant BOYD to provide remediation services, claim adjustment, and related services.

## JURISDICTION AND VENUE

13.  This court has subject matter jurisdiction over the Plaintiff's claims.

14.  This court has personal jurisdiction over Defendants.

15.  Venue is proper because the tortious conduct and breach of contract occurred in this

judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## ALLEGATIONS

## BREACH OF CONTRACT—ALLSTATE

16.     Plaintiff entered into a "Deluxe Plus Homeowners Policy" Contract of insurance with Defendant ALLSTATE to provide coverage for her residence and household contents. Plaintiff's insured property is located in Comanche County, Oklahoma.

17.     Thereafter, Defendant, ALLSTATE issued the "Deluxe Plus Homeowners Policy" of insurance (Policy No. 9 15 150727 01/09) to the Plaintiff for coverage on dwelling and contents located at 2316 N.W. 9th Str., Lawton, OK 73507.

18.     On or about May 1, 2012 Plaintiff's dwelling, resident premises, and contents were damaged as a direct result of an electrical fire.

19.     Plaintiff's property was covered by the above named policy with Defendant, ALLSTATE, at the time of the loss described above. The subject policy included replacement cost coverage for the dwelling, resident premises, contents, and additional living expenses.

20.     Plaintiff timely submitted a claim for the above loss as required by the terms and conditions of her "Deluxe Plus Homeowners Policy."

21.     Thereafter, Defendant ALLSTATE confirmed Plaintiff's property had in fact sustained direct physical damage as a result of fire which occurred on or about May 1, 2012, and that said loss was covered under the terms and conditions of Plaintiff's "Deluxe Plus Homeowners Policy" with ALLSTATE.

22.     Defendant ALLSTATE adopted and incorporated the dwelling loss estimate generated by Defendants B.I.R. and BOYD on May 18, 2012.

23.     Despite and considering the above and foregoing, Defendant ALLSTATE has failed and/or refused to fully and fairly pay the claims of Plaintiff in accordance with the terms and conditions of their "Deluxe Plus Homeowners Policy" by engaging in the following acts and omissions:

      A.     Defendant ALLSTATE violated its duty of good faith and fair dealing, by unreasonably, and in bad faith, refusing to pay the Plaintiff the proper amount for a valid claim under the insurance policy.

      B.     Defendant ALLSTATE was required under the insurance policy to pay Plaintiff's claim for damages for her dwelling, resident premises, contents, and additional living expenses.

24.     Defendant ALLSTATE's refusal to pay the claim in full was unreasonable under the circumstances because:

      A.     Defendant ALLSTATE failed to perform a thorough and proper investigation;

      B.     Defendant ALLSTATE had no reasonable basis for the refusal to pay the full extent of covered personal property;

      C.     Defendant ALLSTATE had no reasonable basis for the termination of additional living expenses coverage;

      D.     Defendant ALLSTATE had no reasonable basis for the refusal to pay for loss to Plaintiff's resident premises; and

      E.     Defendant ALLSTATE has no reasonable basis for the refusal to pay the full extent of coverage to the dwelling.

25.     Defendant ALLSTATE failed to fully disclose to Plaintiff benefits, coverages, or

other provisions of Plaintiff's "Deluxe Plus Homeowners Policy" pertaining to the loss.

26.     Defendant ALLSTATE had no reasonable basis for refusal to pay Additional Protection coverages under the policy.

27.     Defendant ALLSTATE knowingly misrepresented pertinent facts or policy provisions relating to coverage to Plaintiffs.

28.     Defendant ALLSTATE improperly paid benefits owed to Plaintiff to third parties without Plaintiff's prior consent or notice thereof.

29.     The conduct of Defendant ALLSTATE, as described above, constitutes a material breach of the terms and conditions of the insurance contract between the parties, and constitutes a breach of fiduciary duty owed by Defendant to the Plaintiff.

30.     As a result of Defendant ALLSTATE's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## BAD FAITH—ALLSTATE

Plaintiff incorporates paragraphs 1 through 30 herein.

31.     Defendant ALLSTATE violated its duty of good faith and fair dealing, by unreasonably, and in bad faith, refusing to pay the Plaintiff the proper amount for a valid claim under the insurance policy.

32.     Defendant ALLSTATE's violation breach of duty of good faith and fair dealing was a direct cause of the injuries stated herein sustained by the Plaintiff.

33.     Defendant ALLSTATE failed to adopt and implement reasonable standards for prompt investigation of Plaintiff's loss.

34.    Defendant ALLSTATE purposefully, wrongfully and repeatedly withheld benefits due under the terms and conditions of their insurance policy.

35.    Defendant ALLSTATE failed to in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claims by using multiple adjusters in handling Plaintiff's loss.

36.    The conduct of Defendant ALLSTATE, as described above, constitutes a breach of the Unfair Claims Settlement Practices Act.

37.    As direct result of Defendant ALLSTATE's action, as described above, Plaintiff was compelled without just cause to hire an attorney in order to recover amounts due under her insurance policy.

38.    The conduct of Defendant ALLSTATE, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties, and constitutes a breach of fiduciary duty owed by Defendant to the Plaintiff.

39.    As direct result of Defendant ALLSTATE's wrongful conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, wrongly underpaid and/or unfairly denied. Said actions resulted in additional profits, and financial windfall, for Defendant ALLSTATE, and ALLSTATE was unjustly enriched as a result of said wrongful conduct.

40.    As a result of Defendant ALLSTATE's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

41.    Defendant ALLSTATE's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff. Plaintiff alleges that Defendant ALLSTATE's conduct, as described herein, reflects intentional, wrongful or reckless behavior by Defendant ALLSTATE of a

sufficiently egregious nature so as to warrant the imposition of punitive damages.

42.     Further, Plaintiff alleges Defendant ALLSTATE enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

## BREACH OF DUTY—SERVICEMASTER

Plaintiff incorporates paragraphs 1 through 42 herein.

43.     Upon notice of the loss by Plaintiff, Defendant ALLSTATE instructed Defendant SERVICEMASTER, as ALLSTATE's agent, to evaluate and adjust the contents loss.

44.     Defendant SERVICEMASTER, owed Plaintiff duty of good faith and fair dealing.

45.     Defendant SERVICEMASTER failed to collaborate with Plaintiff in determining which contents property of Plaintiff's were to be cleaned, stored, or demolished.

46.     Defendant SERVICEMASTER intentionally misrepresented the scope of its authority to Plaintiff.

47.     Defendant SERVICEMASTER failed to exercise reasonable care in handling Plaintiff's contents of her home, by intentionally or negligently causing additional damage to contents while in its care.

48.     The conduct of Defendant SERVICEMASTER, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties, and constitutes a breach of fiduciary duty owed by Defendant to the Plaintiff.

49.     As a result of Defendant SERVICEMASTER, conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## HOME REPAIR FRAUD—B.I.R. AND BOYD

Plaintiff incorporates paragraphs 1 through 49 herein.

50.     On or about May 17, 2012, upon recommendation and solicitation by Defendant SERVICEMASTER, acting as agent for Defendant ALLSTATE, Plaintiff authorized Defendants, B.I.R. and BOYD, to perform repairs to the damaged property.

51.     Defendants, B.I.R. and BOYD, intentionally and knowingly misrepresented material facts relating to the repairs and services required to repair Plaintiff's residence.

52.     Defendants, B.I.R. and BOYD, intentionally and knowingly required payment from Plaintiff at a price which unreasonably exceeded the value of the services and materials needed for the home repair.

53.     As a result of Defendants B.I.R. and BOYD's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

54.     Defendants, B.I.R. and BOYD's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff. Furthermore, Defendants, B.I.R. and BOYD's conduct was part of an overall plan or scheme designed to, and which in fact did, result in increased profits, and a financial windfall, to Defendants, B.I.R. and BOYD. Plaintiff alleges that Defendants, B.I.R. and BOYD's conduct, as described herein, reflects intentional, wrongful or reckless behavior by Defendants, B.I.R. and BOYD of a sufficiently egregious nature so as to warrant the imposition of punitive damages.

55.     Further, Plaintiff alleges Defendants, B.I.R. and BOYD enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

## BREACH OF CONTRACT—B.I.R. AND BOYD

Plaintiff incorporates paragraphs 1 through 55 herein.

56.     On or about May 18, 2012, Defendants, B.I.R. and BOYD, acted as insurance adjuster on behalf of Defendant ALLSTATE.

57.     Defendants, B.I.R. and BOYD, acting as agent for Defendant ALLSTATE failed to properly investigate and adjust Plaintiff's claim.

58.     As a direct result of Defendants B.I.R. and BOYD's conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, wrongly underpaid and/or unfairly denied. Said actions resulted in additional profits, and financial windfall, for Defendants ALLSTATE, B.I.R., and BOYD, and Defendants ALLSTATE, B.I.R., and BOYD were unjustly enriched as a result of said wrongful conduct.

59.     The conduct of Defendants B.I.R. and BOYD, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties, and constitutes a breach of fiduciary duty owed by Defendant to the Plaintiff.

60.     As a result of Defendants B.I.R., and BOYD's conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

61.   Defendants, B.I.R. and BOYD's conduct was intentional, willful, malicious and in reckless disregard of the rights of Plaintiff. Furthermore, Defendants, B.I.R. and BOYD's conduct was part of an overall plan or scheme designed to, and which in fact did, result in increased profits, and a financial windfall, to Defendants, ALLSTATE, B.I.R. and BOYD. Plaintiff alleges that Defendants, B.I.R. and BOYD's conduct, as described herein, reflects intentional, wrongful or reckless behavior by Defendants, B.I.R. and BOYD of a sufficiently egregious nature so as to warrant the imposition of punitive damages.

62.   Further, Plaintiff alleges Defendants, ALLSTATE, B.I.R., and BOYD enjoyed increased financial benefits and ill-gotten gains as a direct result of the wrongful conduct described above herein, which resulted in the injury to Plaintiff.

## BREACH OF DUTY--COX

Plaintiff incorporates paragraphs 1 through 62 herein.

63.   Defendant COX, acting as agent for Defendant ALLSTATE, sold "Deluxe Plus Homeowners Policy" to Plaintiff.

64.   Defendant COX owed Plaintiff a duty of good faith and fair dealing.

65.   Defendant COX breach its duty by misrepresentation of policy coverages.

66.   The conduct of Defendant COX, as described above, constitutes bad faith and is a material breach of the terms and conditions of the insurance contract between the parties, and constitutes a breach of fiduciary duty owed by Defendant to the Plaintiff.

67.   As a direct result of Defendant COX's conduct herein, Plaintiff has

sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, the Plaintiff prays for judgment against the Defendants in her favor for:

a)      Payment for all contractual benefits for all coverages afforded to Plaintiff under the subject ALLSTATE policy for damage to her insured residence, personal contents, and resident premises caused by fire on May 1, 2012, with interest on all amount due;

b)      Compensatory damages for intentional infliction of emotional distress;

c)      Disgorgement of the increased financial benefits derived by any and/or all of the Defendants as a direct result of the conduct causing injury and damages to Plaintiff;

d)      Actual and punitive damages in an amount in excess of seventy-five thousand dollars ($75,000.00); and,

e)      Prejudgment interests, costs and a reasonable attorneys' fees.

Respectfully submitted,

By:  _____

JARED R. ELLIS, OBA# 30070
609 S.W. "E" Ave.
P.O. Box 2152
Lawton, OK 73502
(580) 512-3413
(580) 357-6169
**ATTORNEY FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Page **11** of **11**