# FILED

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA          JUN – 6 2014

MAVIS MILLER,                              )
                                           )          CARMELITA REEDER SHINN, CLERK
                                           )          U.S. DIST. COURT, WESTERN DIST. OKLA.
          Plaintiff,                       )          BY____*uh*_____,DEPUTY
                                           )
vs.                                        )          No. CIV-13-1216-W
                                           )
ALLSTATE INDEMNITY COMPANY                 )
et al.,                                    )
                                           )
          Defendants.                      )

## ORDER

Plaintiff Mavis Miller commenced this action in the District Court for Comanche County, Oklahoma, on May 1, 2013. See Doc. 1-1. In her amended state court petition filed on October 25, 2013, Miller named as defendants Allstate Indemnity Company ("Allstate Indemnity"), Allstate Insurance Company ("Allstate Insurance"), Allstate Fire and Casualty Insurance Company ("Allstate Fire and Casualty"), Cox and Associates Agency, Inc. ("Cox"), ServiceMaster of Texhoma ("ServiceMaster"), Boyd Insurance Repair and Mike Boyd (collectively "Boyd"). See Doc. 1-2. Allstate Indemnity and Cox removed the matter on November 14, 2013. See Doc. 1.

Miller's claims against Allstate Insurance and Allstate Fire and Casualty were dismissed without prejudice on January 6, 2014, see Doc. 31, and her claims against Cox were dismissed without prejudice on January 31, 2014. See Doc. 37. Miller filed a second amended complaint on February 14, 2014, see Doc. 38, and a third amended complaint on April 29, 2014. See Docs. 48, 49.

Boyd and ServiceMaster answered the allegations in the latter pleading, see Docs. 53, 56; Allstate Indemnity both answered, see Doc. 53, and filed a Motion for Judgment on

the Pleadings pursuant to Rule 12(c), F.R.Civ.P. See Doc. 52.[1]

The matter then came before the Court on Miller's Motion for Voluntary Dismissal Without Prejudice filed pursuant to Rule 41, F.R.Civ.P., and Motion for Extension of Time. See Docs. 57, 58. Since the defendants had answered, dismissal under Rule 41(a)(1)(i) was not permitted, and no stipulation of dismissal signed by all parties had been filed as required by Rule 41(a)(1)(ii).

Accordingly, the Court found that Rule 41(a)(2) governed. That rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court therefore directed Allstate Indemnity, Boyd and ServiceMaster to respond to Miller's request for voluntary dismissal without prejudice, and based upon the record, including Miller's reply, the Court makes its determination.

Because the Court finds that the defendants will suffer no clear legal prejudice other than the prospect of a subsequent lawsuit, the Court in its discretion

(1) GRANTS Miller's Motion for Voluntary Dismissal Without Prejudice [Doc. 57] filed on May 21, 2014;

(2) DISMISSES this matter without prejudice subject to the conditions that should Miller refile this matter

(a) she must file the action in the United States District Court for the Western District of Oklahoma;[2]

---

[1]Allstate Indemnity had also filed a Motion for Judgment on the Pleadings challenging Miller's second amended complaint. See Doc. 47.

[2]Allstate Indemnity and Boyd proposed this condition, and Miller has advised that she has no objection to the same. See Doc. 63 at 1, 2.

(b) she shall pay Allstate Indemnity, Boyd and ServiceMaster, if named in the refiled action, the attorney fees that that defendant reasonably incurred in litigating the instant action,[3] see Steinert v. Winn Group, Inc., 440 F.3d 1214, 1222 (10th Cir. 2006)(citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366, at 309 (2d ed. 1995)); AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997); Spalsbury v. Sisson, 250 Fed. Appx. 238, 250 (10th Cir. 2007); and

(c) pursuant to Rule 41(d), F.R.Civ.P., shall reimburse Allstate Indemnity, Boyd and ServiceMaster, if named in the refiled action, for those costs that the defendant reasonably incurred in removing and/or defending this matter;[4]

(3) ADVISES Miller that should she refile this action and fail to satisfy any one of these conditions that the claims in the refiled lawsuit shall be dismissed with prejudice upon the written request of Allstate Indemnity, Boyd and/or ServiceMaster; and

(4) deems MOOT Miller's Motion for Extension of Time [Doc. 58] filed on May 21, 2014.

ENTERED this _6th_ day of June, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[3]The amounts owed shall be determined upon the filing of an application by the defendant or defendants in the refiled action.

[4]See id.